Argued and submitted October 26, 1990 affirmed April 3, reconsideration denied
May 29, petition for review denied July 2, 1991 (311 Or 482)

Emmy MILLER,
*Appellant,*

*v.*

Dale E. MILLER,
*Respondent.*

(L88-0366; CA A60808)

808 P2d 105

Dean Heiling, Salem, argued the cause and filed the briefs for appellant.

Joel DeVore, Eugene, argued the cause for respondent. With him on the brief were Louis L. Kurtz and Luvaas, Cobb, Richards & Fraser, P.C., Eugene.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

## ROSSMAN, J.

In this negligence action involving an intersection collision, plaintiff appeals a judgment entered after a jury verdict for defendant. We affirm.

While driving south, plaintiff saw a pedestrian standing on the sidewalk at the southeast corner of an intersection. Plaintiff stopped in the intersection and motioned to the pedestrian to cross the marked, but unsignalled, crosswalk. When the pedestrian was at or near the west curb, defendant drove her car into the rear of plaintiff's car. The trial court instructed the jury that it was statutory negligence for a driver to stop in an intersection to allow a pedestrian to cross the street in a crosswalk unless the pedestrian is so close to the center of the road as to constitute a hazard.[1] The jury found that plaintiff was 73 percent negligent and, under principles of comparative negligence, judgment was entered for defendant.

Plaintiff contends that the trial court erred in instructing the jury on statutory negligence, because it construed the law to prohibit a driver from stopping in an intersection to allow a pedestrian in a crosswalk to cross the street safely.

ORS 811.550(5) and 811.555(1)(a) prohibit stopping, standing or parking a motor vehicle "within an intersection."[2]

---

[1] The trial court instructed the jury:

"Now, the Oregon Motor Vehicle Code establishes various what are referred to as rules of the road, and you may remember that term from the driver's manual, okay.

"One such statute prohibits a person from stopping a vehicle within an intersection. There are though various exceptions to this rule. One such exemption that you may consider in this case relates to the operation of the motor vehicle in compliance with another law. Specifically, a person may stop a vehicle within an intersection in response to the actions of a pedestrian for Oregon law also imposes the duty upon a driver to yield to a pedestrian in a crosswalk if the pedestrian is crossing a roadway within a marked crosswalk where there is no traffic control device in place or in operation and the driver does not stop before entering the crosswalk and yields the right of way to a pedestrian when the pedestrian is approaching so closely to the half of the roadway along which the driver is proceeding so as to be in a position of danger by closely approaching or reaching the center of the roadway."

[2] ORS 811.550 provides, in part:

"Except as provided under an exemption in ORS 811.560, a person is in violation of ORS 811.555 if a person *parks, stops or leaves standing* a vehicle in any of the

However, ORS 811.560(6) provides an exception for a vehicle being operated in compliance with another law. ORS 811.010 provides, in part:

"(1)    The driver of a vehicle commits the offense of failure to yield to a pedestrian in a crosswalk if:

"(a)    A pedestrian is crossing a roadway within a marked or unmarked crosswalk where there are no traffic control devices in place or in operation; and

"(b)    The driver does not stop before entering the crosswalk and yield the right of way to the pedestrian when the pedestrian is:

"(A)    Approaching so closely to the half of the roadway along which the driver is proceeding so as to be in a *position of danger* by closely approaching or reaching the center of the roadway." (Emphasis supplied.)

The general rule is clear: A driver may not stop in the road so as to impede the flow of traffic. There are exceptions to that rule, but stopping within an intersection for a pedestrian in a crosswalk is not one of them, unless the pedestrian is walking so closely to the flow of traffic as to be in a position of danger. In short, we are presented with two equally significant, but somewhat competing, considerations of traffic safety. ORS 811.550 to ORS 811.585 prohibit unnecessary stopping, standing or parking so as to impede the free flow of traffic; ORS 811.005 provides that none of the provisions of the vehicle code relieves a driver from the duty to exercise due care concerning pedestrians.

Our review focuses only on the correctness of the instruction. We hold that, as a whole, the instruction properly characterized the statutes involved and was a correct statement of the law. The jury applied that law to the facts as it found them and reached a verdict that was within its authority.

Affirmed.

---

following places:

"* * * * *

"(5) Within an intersection. Exemptions under ORS 811.560 (4) to (7) are applicable to this subsection."

ORS 811.555 provides that a violation of ORS 811.550 is a Class D traffic infraction.